A00A1651. DUGGAN v. DUGGAN-SCHLITZ.
(539 SE2d 840)

JOHNSON, Chief Judge.

Stephanie Duggan-Schlitz filed a petition for a temporary protective order under OCGA § 19-13-4, a section of the Family Violence Act, against her husband, Charles Duggan. The trial court granted the petition on May 14, 1999, and stated that the temporary order would not remain in effect for more than six months.

On October 26, 1999, about two and a half weeks before the end of the six-month period, Duggan-Schlitz moved to have the temporary protective order converted into a permanent order. The trial court scheduled a hearing for November 11, 1999. Due to the court's trial schedule, it could allot only one hour for the hearing. The parties notified the trial court in advance that the hearing would be lengthy and could not be completed in the limited time allotted. Both parties were aware that the hearing would have to be continued. In a telephone conference with counsel, the trial court entertained argument on the issue of whether the temporary protective order could remain in effect beyond the November 14, 1999 expiration date if the hearing had to be continued. No decision was made at that time.

The case was called on November 11, 1999, as scheduled, but the trial court heard no evidence on the merits of the petition. Instead, it heard argument on the issue of whether the temporary protective order could remain in effect beyond the expiration date. The next day, the court issued an order extending the effective date of the temporary protective order and continuing the hearing until such time as a full hearing could be held to decide whether the temporary protective order should be converted into a permanent order. This court granted Duggan's application for interlocutory review of this order.

Duggan maintains that the trial court erred by holding that a temporary protective order entered under the Family Violence Act could remain in effect beyond the six-month period established by OCGA § 19-13-4 (c), without first holding a hearing and entering an order making the protective order permanent. In light of the purpose of the Act and the fact that a hearing was started but had to be continued, there was no error.

A temporary protective order issued under OCGA § 19-13-4 shall not remain in effect for more than six months; provided, however, that upon the motion of a petitioner and notice to the respondent and after a hearing, the court in its discretion may convert a temporary

order granted under this Code section to a permanent order.[1]

The Family Violence Act vests the superior court with authority to issue protective orders "to bring about a cessation of acts of family violence."[2] The Act gives the trial court authority to order temporary relief ex parte as it deems necessary to protect a person from violence,[3] and it gives the court authority to order permanent relief from violence.[4]

A respondent is not without rights. For example, in order to protect the respondent's rights, the Act does not allow temporary orders to become permanent *automatically*, and it gives the respondent the right to a hearing before a permanent protective order is issued. And, the statute makes it clear that the consequence of a petitioner's failure to further prosecute the case within six months results in the temporary order becoming invalid.[5]

In this case, Duggan-Schlitz moved to convert the temporary order into a permanent order weeks before the temporary order expired. Duggan received notice of the motion, conferred with the trial judge by phone, and participated in a hearing regarding the motion. The fact that, due to its full trial schedule, the trial court was unable to allocate sufficient time to *complete* the hearing does not mean the trial court's action was unauthorized.

Considering the important legislative purpose of protecting our citizens from domestic violence, and the authority and discretion which the legislature has bestowed upon the courts to effectuate that purpose, we do not believe that the legislature intended that a court would be without authority to temporarily extend the effective date of a protective order so that a hearing which has been started on the matter can be completed. This is particularly true under the facts presented in this case, where the petition was filed weeks before the temporary order was set to expire; the respondent was notified of the motion and hearing and did confer with the trial judge on the matter; the parties told the court they needed more hearing time than the court could give them before the order would expire; and the trial court started hearing arguments regarding the motion before the temporary order expired. We note the general rule that a trial court has discretion in regulating and controlling its business.[6] The trial court acted within its authority in extending the effective date of the order pending completion of the hearing.

---

[1] OCGA § 19-13-4 (c).
[2] OCGA § 19-13-4 (a).
[3] OCGA § 19-13-3 (b).
[4] See OCGA § 19-13-4 (c).
[5] Id.
[6] *Scott v. State*, 216 Ga. App. 692, 694 (3) (455 SE2d 609) (1995).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 26, 2000.

*J. Hue Henry, Christopher L. Casey,* for appellant.
*Daniels & Rothman, Gregory A. Daniels,* for appellee.