## A00A1846. DAVIS-REDDING v. REDDING.
### (542 SE2d 197)

JOHNSON, Chief Judge.

In this case, we decide where venue lies when the husband who is the respondent in a family violence case has left the marital home and is living in a relative's home in another county. We also decide whether the trial court was authorized to decide on its own motion that venue was improper. Under the circumstances presented in this case, we hold that venue was proper in either county and that the trial court erred in deciding sua sponte that venue was not proper in the county in which the petition was filed.

Stacey Davis-Redding and Jefferson Redding married in July 1993. They lived together in Clayton County until July 1999, when Redding began staying at his brother's home in Henry County. During the separation their two children, ages six and nine, have lived primarily with Davis-Redding.

On October 30, 1999, Davis-Redding drove to Redding's brother's residence to give the children their Halloween costumes. When she arrived, the children came out and gave her a hug. She claims that when Redding saw them do this, he came outside, grabbed the children by their arms and took them toward the front door. He let go of them and told them to go to the door. According to Davis-Redding, Redding then turned around and grabbed her by the arms. She wrestled herself away from him and ran for her car. As she started driving away, Redding punched her car window and ripped the side mirror off the car.

On November 1, 1999, Davis-Redding filed a petition for a temporary protective order in Clayton County Superior Court. Without holding a formal hearing or serving Redding, the court found that Redding was a resident of Henry County and dismissed the petition.

Davis-Redding then went to the Henry County courthouse to file

a petition for a protective order. According to Davis-Redding, the judge there refused to consider the petition because Redding had not indicated an intent to remain in Henry County and so was still a resident of Clayton County.

On November 17, Davis-Redding was served with a verified complaint for divorce. In it, Redding swore that he was a resident of Clayton County. On December 1, based on this new evidence showing Redding as a Clayton County resident and her inability to get relief in Henry County, Davis-Redding moved the Clayton County court to reconsider the November 1 order or to grant a new trial. The motion was denied on December 7, 1999. We granted Davis-Redding's application for discretionary review of the November 1 and December 7 orders denying her initial petition for a protective order and motion for reconsideration.

1. Davis-Redding contends the trial court misapplied OCGA § 19-13-2, arguing that venue was proper in both Clayton and Henry Counties. We agree that venue was proper in either county.

The venue provision of the Family Violence Act[1] provides, in pertinent part, that "the superior court of the county where the respondent resides shall have jurisdiction over all proceedings under this article." The Act does not define the term "resides." Nor have we found any cases defining "resides" in a family violence context. However, issues involving a defendant's legal residency for purposes of filing suit have arisen in other contexts.

In general, one's legal residence for the purpose of being sued in Georgia is the same county as his or her domicile.[2] Under OCGA § 19-2-1:

(a) The domicile of every person who is of full age and is laboring under no disability is the place where the family of the person permanently resides, if in this state. If a person has no family or if his family does not reside in this state, the place where the person generally lodges shall be considered his domicile. (b) The domicile of a person sui juris may be changed by an actual change of residence with the avowed intention of remaining at the new residence. Declaration of an intention to change one's domicile is ineffectual for that purpose until some act is done in execution of the intention.

Thus, under OCGA § 19-2-1, the court could have found that

---

[1] OCGA § 19-13-2 (a).

[2] *Sorrells v. Sorrells*, 247 Ga. 9, 11 (3) (274 SE2d 314) (1981); see *In the Interest of B. G.*, 238 Ga. App. 227, 228 (518 SE2d 451) (1999).

Redding is a resident of either county. Under subsection (a), since Redding's family permanently resides in Clayton County, that county could be considered his place of domicile. At the same time, if Redding's separation from his family requires that he be treated as though he has no family, his domicile is in Henry County, since that is where he generally lodges.

Under subsection (b), Redding changed his domicile to Henry County if he actually moved and made known his intention to remain at the new location. While the record shows he moved, it does not indicate whether Redding made known any intention to remain in his brother's Henry County home. Thus, it does not show that he changed his domicile.

This is a case where the respondent's place of residence for venue purposes is not exactly clear. In such a case, it is particularly important to consider the purpose of the Family Violence Act. The Act seeks to bring about an end to acts of family violence.[3] In order to achieve this purpose, the Act gives the trial court authority to order temporary relief as it deems necessary to protect a person from violence, even if that means giving the respondent no notice and no opportunity to be heard before the order is issued.[4]

Considering the Act's important purpose, as well as the language of OCGA §§ 19-2-1 and 19-2-2, we hold that, in a family violence case in which the respondent has left the family home but has not avowed an intention to remain in his new location, venue is proper both in the county of the family's residence and in the county to which the respondent has relocated. We agree with the rationale behind this Court's opinion in *Corbett v. Corbett*:[5] "divorce cases are different from other cases, requiring some flexibility in the application of our jurisdictional and venue rules."[6] We realize this is a family violence case rather than a divorce case; however, even more flexibility may be required in cases filed to bring about an end to family violence.

Although the trial court would also have been authorized to find that venue was in Henry County, the trial court erred in holding that venue did not lie in Clayton County. Accordingly, the trial court's judgment dismissing the petition must be reversed.

2. Davis-Redding correctly argues that the trial court erred in dismissing the petition based on improper venue on its own motion. A defense of improper venue may be waived,[7] and Redding did not

---

[3] See OCGA § 19-13-4 (a); *Duggan v. Duggan-Schlitz*, 246 Ga. App. 127 (539 SE2d 840) (2000).

[4] OCGA § 19-13-3 (b); *Duggan*, supra.

[5] (Punctuation omitted.) 236 Ga. App. 299, 301 (511 SE2d 633) (1999).

[6] Id.

[7] See *Williams v. Fuller*, 244 Ga. 846, 850 (5) (262 SE2d 135) (1979); *Harbin Enterprises v. Sysco Corp.*, 195 Ga. App. 694, 695 (1) (394 SE2d 618) (1990).

raise the issue himself. The trial court was not authorized to dismiss the petition on its own due to improper venue.[8]

3. Based on the foregoing, we need not consider Davis-Redding's remaining arguments.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 14, 2000.

*Ana-Beatriz P. Kennedy, Deborah A. Johnson, David A. Webster,* for appellant.

Jefferson H. Redding, *pro se.*

---

[8] See *Brown v. Rock*, 184 Ga. App. 699, 701 (2) (362 SE2d 480) (1987); *Hubbert v. Williams*, 175 Ga. App. 393, 396 (3) (333 SE2d 425) (1985).