[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 5, 2006
THOMAS K. KAHN
CLERK

No. 06-12139
Non-Argument Calendar

_____

D. C. Docket No. 05-00529-CV-TWT-1

TROY AUCOIN,

Plaintiff-Appellant,

versus

CAROLYN DELL CONNELL,
WILLIS CONNELL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 5, 2006)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Troy Aucoin and Carolyn Connell were involved in a motor vehicle

accident on January 19, 2003. On January 19, 2005, Aucoin filed suit against Connell and her father, Willis Connell, in Georgia state court, alleging that Ms. Connell was negligent and that Mr. Connell was liable under Georgia's family purpose and negligent entrustment doctrines. The Connells removed the case to federal court. They filed their answer on February 25, 2005. The answer, among other things, alleged that Ms. Connell had not been properly served. Aucoin next attempted to serve her on July 7, 2005. Ms. Connell claims she still has not been properly served, while Aucoin claims she was personally served on November 10, 2005.

The Connells moved for summary judgment on November 2, 2005. Ms. Connell argued that the suit against her was time-barred because Aucoin had not been sufficiently diligent in serving her after the statute of limitations ran out. Mr. Connell argued that the family purpose and negligent entrustment doctrines did not apply to him, and that Aucoin had not raised a genuine issue of material fact as to those issues.

The district court granted summary judgment to the Connells. It held that Aucoin had not been sufficiently diligent in serving process on Ms. Connell. It also held that the family purpose and negligent entrustment doctrines did not apply to Mr. Connell.

On appeal, Aucoin challenges only the district court's holdings as to service of process and the application of the family purpose doctrine. We apply de novo review to a district court's grant of summary judgment. Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). Summary judgment is appropriate only if the evidence before the court indicates that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence must be viewed in the light most favorable to the non-moving party. Augusta Iron & Steel Works, Inc. v. Emplrs. Ins. of Wassau, 835 F.2d 855, 856 (11th Cir. 1988). Applying this standard, we affirm the district court with respect to both Mr. Connell and Ms. Connell.

I.

The district court held that Aucoin was not sufficiently diligent in serving Ms. Connell. Aucoin argues that the court erred because the federal rules and not the state rules governed service after the case was removed to federal court. Aucoin has, however, misapprehended the import of his failure to diligently perfect service. In a suit where federal jurisdiction is founded on diversity of citizenship, the statute of limitations is governed by state law under the doctrine of Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79, 58 S. Ct. 817, 823 (1938). The

3

applicable statute of limitations must come from state law. Guaranty Trust Co. v. York, 326 U.S. 99, 110, 65 S. Ct. 1464, 1470 (1945). And the law governing when the suit was commenced for purposes of the statute of limitations is also governed by state law. Walker v. Armco Steel Corp., 446 U.S. 740, 748, 100 S. Ct. 1978, 1984 (1980); Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S. Ct. 1233 (1949).

This Court defined the rules applicable to diversity cases arising under Georgia law in Cambridge Mut. Fire Ins. Co. v. City of Claxton, 720 F.2d 1230 (11th Cir. 1983). The Court acknowledged that Fed. R. Civ. P. 4 governs service of process in diversity cases. Id. at 1232 n.2. See also Hanna v. Plumer, 380 U.S. 460, 85 S. Ct. 1136 (1965). But the Court also held that if the statute of limitations runs out between the filing of the complaint and service of process, the effective commencement date of the suit depends on when service of process is perfected. If the plaintiff either perfects service within five days of filing or "diligently attempt[s] to perfect service," then the suit is deemed commenced on the date the complaint was filed. Cambridge Mutual, 720 F.2d at 1233. But if the plaintiff does not diligently attempt to perfect service, the commencement date does not relate back to the filing of suit and the statute of limitations bars the suit. Id.

4

Georgia law contains one further wrinkle. When the plaintiff has notice that service was potentially defective, the time for attempting to effect service is even more constrained. For the commencement date to relate back, the plaintiff must use the "greatest possible diligence" in attempting to perfect service. Wade v. Whelan, 504 S.E.2d 456, 459 (Ga. Ct. App. 1998). A defendant's answer denying service constitutes notice for the purpose of this rule. Id. Further, if a plaintiff uses reasonable diligence in attempting to perfect service prior to receiving notice, but fails to perfect service, the plaintiff must use the greatest possible diligence to attempt to perfect service after receiving notice of potentially improper service, or else the suit is time-barred. Patterson v. Johnson, 486 S.E.2d 660, 661 (Ga. Ct. App. 1997).

Finally, in Cambridge Mutual this Court set out the standard of review for district court decisions finding a lack of diligence in perfecting service. We review such determinations for abuse of discretion. Cambridge Mutual, 720 F.2d at 1233.

These standards are easily applied to Aucoin's case against Ms. Connell. Georgia has a two-year statute of limitations for personal injury actions. Ga. Code Ann. § 9-3-33. This statute expired two years after the automobile accident, on January 20, 2005. Aucoin filed his action on January 19, 2005. Aucoin then

received notice of potentially improper service when Ms. Connell answered on February 25, 2005. His suit is thus time-barred unless he actually perfected service before February 25, 2005 or unless he used the greatest possible diligence to perfect service after February 25.

Aucoin first claims that he has raised a genuine issue of fact about whether he properly served Ms. Connell before February 25. The case was in state court before then, so state service of process rules governed. Aucoin attempted to use Georgia's long arm statute to serve Ms. Connell.[1] Under Georgia law, a plaintiff may serve process on a person residing outside the state in the same way that someone is served inside the state, so long as the service outside the state is made by a person authorized to do so by the laws of that state. Ga. Code Ann. § 9-10-94 (2006). This means that Aucoin had to serve Ms. Connell at her "dwelling house or usual place of abode." Ga. Code Ann. § 9-11-4(e)(7).

Aucoin attempted to serve Ms. Connell by serving Mr. Connell at his home on January 27, 2005. Mr. Connell admits that this service was effective as to him and that the suit against him is not time-barred. This service was not effective, however, as to Ms. Connell because she had moved away from her parents' home

---

[1] Aucoin did not attempt to serve Ms. Connell by using Georgia's Non-Resident Motorist Act, Ga. Code Ann. § 40-12-1.

6

several months before, and her father's house was therefore not her dwelling house or usual place of abode.

Aucoin argues that the district court overlooked evidence that Ms. Connell still lived with her parents on January 27. But we find that the district court correctly applied Georgia's burden-shifting framework to determine that service was not effective. Aucoin's only evidence that Ms. Connell still lived with her parents is the sheriff's return of service. In Georgia the sheriff's return of service provides prima facie proof of proper service. Yelle v. U.S. Suburban Press, Inc., 453 S.E.2d 108, 110 (Ga. Ct. App. 1995). But the defendant may rebut this prima facie case by presenting "evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." Id.

Ms. Connell provided that evidence here. She testified that she moved away from her parents' home to attend college. She also showed that she changed the address on her driver's license and that she received mail, including her W-2 tax statements, at that address. This was sufficient evidence to rebut Aucoin's prima facie case. See McRae v. White, 604 S.E.2d 291, 293 (Ga. Ct. App. 2004). The burden then shifted back to Aucoin to show that service was proper. Webb v. Tatum, 413 S.E.2d 263, 264 (Ga. Ct. App. 1991). Aucoin submitted no evidence apart from the sheriff's return of service, and thus did not carry his burden. The

January 27, 2005 service was therefore improper. Aucoin does not contend that he attempted to perfect service at any time between January 27 and February 25.

On February 25, Ms. Connell answered, denying service. Aucoin then had to use the greatest possible diligence to perfect service in order to have the commencement date relate back to the date the complaint was filed. See Wade, supra. At that point, because the case was in federal court, service was governed by Fed. R. Civ. P. 4. Aucoin admits that he did not attempt to re-serve Ms. Connell until July 7, 2005. The district court held that this delay of over four months did not constitute the greatest possible diligence. We review that finding for abuse of discretion. See Cambridge Mut. Fire Ins. Co., 720 F.2d at 1233.

We find that the district court did not abuse its discretion. Aucoin's delay fell well outside the boundaries set by previous decisions by this Court and the Georgia courts. See, e.g., Morris v. Haren, 52 F.3d 947, 949 (11th Cir. 1995) (no abuse of discretion to find that plaintiff failed to satisfy the less stringent diligence standard where delay of three months between filing of complaint and perfection of service); Wade, 504 S.E.2d at 460 (no abuse of discretion to find that plaintiff did not use greatest possible diligence where delays of 47, 28, 21, and 25 days); Patterson v. Johnson, 486 S.E.2d 660, 662 (Ga. Ct. App. 1997) (no abuse of discretion where delay of 44 days after statute of limitations expired and four

8

months after became aware of defendant's true address); Ingraham v. Marr, 540 S.E.2d 652, 655 (Ga. Ct. App. 2000) (two months between notice of defect and attempt to serve did not constitute greatest possible diligence).

Thus, even if Aucoin did succeed in serving Ms. Connell on November 10, 2005, the commencement date of the suit did not relate back to the filing of the complaint because he did not use the greatest possible diligence to perfect service. Since the statute of limitations had run months before, this means his suit was time-barred and the district court correctly granted summary judgment to Ms. Connell.

Aucoin nevertheless suggests that under Georgia law he should be allowed to dismiss and refile this suit within six months, without running afoul of the statute of limitations. This argument is without merit. It is true that under Ga. Code. Ann. § 9-2-61(a), "When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later." The Georgia courts have made clear, however, that when a trial court grants summary judgment on the basis of a failure to diligently perfect service, the action is void, not

9

voidable, and it cannot be revived by the Georgia renewal statute. <u>King v. Wal-Mart Stores</u>, 550 S.E.2d 673, 674 (Ga. Ct. App. 2001); <u>Black v. Knight</u>, 499 S.E.2d 69, 70 (Ga. Ct. App. 1998) (interpreting <u>Hobbs v. Arthur</u>, 444 S.E.2d 322 (Ga. 1994)). Here the district court granted summary judgment on the basis of Aucoin's failure to diligently perfect service, so the Georgia renewal statute does not apply and the suit remains time-barred. We therefore affirm the district court's grant of summary judgment to Ms. Connell.

## II.

The district court also granted summary judgment to Mr. Connell, holding that the family purpose and negligent entrustment doctrines did not apply to hold him vicariously liable for his daughter's alleged negligence. On appeal, Aucoin has abandoned the negligent entrustment argument and claims only that the family purpose doctrine applies. We review the district court's grant of summary judgment <u>de novo</u>. <u>Skrtich v. Thornton</u>, 280 F.3d 1295, 1299 (11th Cir. 2002).

"In Georgia, when an automobile is maintained by the owner for the use and convenience of his family, such owner is liable for the negligence of a member of the family having authority to drive the car while it is being used for a family purpose." <u>Phillips v. Dixon</u>, 223 S.E.2d 678, 679 (Ga. 1976). To invoke the

10

family purpose doctrine, the plaintiff must show that (1) the defendant owns the automobile or has a recognized interest in it; (2) the defendant made the car available for family use; (3) the negligent driver is a member of the defendant's immediate family; and (4) the car was driven at the time of the negligence with the permission or acquiescence of the defendant. Finnocchio v. Lunsford, 201 S.E.2d 1, 3 (Ga. Ct. App. 1973).

Georgia courts have clarified that "[t]he actual test. . . is the authority and control of the vehicle by the person alleged to have provided the vehicle." Marshall v. Whaley, 520 S.E.2d 271, 273 (Ga. Ct. App. 1999). As a result, "after it is determined that the four factors. . . are present, the inquiry becomes whether the owner of the vehicle exerted sufficient authority and control for the doctrine to be applied." Clifton v. Zemurray, 478 S.E.2d 897, 898 (Ga. Ct. App. 1996). "The doctrine. . . is not applied to render a parent vicariously liable unless the parent had the right to exercise such authority and control that it may be concluded that an agency relationship existed between the parent and the family member with respect to the use of the vehicle." Gould v. Latorre, 488 S.E.2d 116, 119 (Ga. Ct. App. 1997).

Here the district court found that Aucoin had not shown a genuine issue of material fact on two of the factors. First, he had not shown that Mr. Connell had

11

an ownership interest in the car. The evidence indicated that Mr. Connell's wife paid for the car and the car was titled and registered in her name. Second, Aucoin had not shown a single instance when Mr. Connell had exercised control over the car, or restricted Ms. Connell's use of the car in any way.

We agree with the district court. In this appeal, Aucoin argues that Mr. Connell had an ownership interest because he was the primary insured on the insurance policy, and a jury might infer that because his wife stayed at home, Mr. Connell was the real owner of the car. Regardless of whether that is true or not, Aucoin fails to argue the chief factor: whether Mr. Connell had authority and control over the car. Aucoin does not provide any evidence showing a single instance where Mr. Connell restricted, controlled, constrained, or guided Ms. Connell's use of her car. Georgia courts have found that a plaintiff failed to show authority and control even when he produced some evidence. See Marshall, 520 S.E.2d at 273. Aucoin produced no evidence, and summary judgment was therefore proper as to Mr. Connell.

We hold that the claim against Ms. Connell was time-barred and that there was no genuine issue of material fact with respect to the claims against Mr. Connell, and thus affirm the grant of summary judgment to Ms. and Mr. Connell.

**AFFIRMED.**