A11A1239. OGLESBY et al. v. DEAL et al.
(716 SE2d 749)

MILLER, Presiding Judge.

Larry and Susan Deal, appellees-paternal grandparents of the child G. D., filed a petition for grandparents' visitation rights against Tina Marie Oglesby, appellant-maternal grandmother of G. D., and Summer Nicole Thornburg, appellant-mother of G. D. Oglesby and Thornburg sought to have the petition dismissed for lack of personal jurisdiction and insufficient service of process, or in the alternative, to have the case transferred on the ground of improper venue. The trial court denied the motion, but granted a certificate of immediate review. We granted appellants' application for interlocutory review under *Spivey v. Hembree*, 268 Ga. App. 485, 486, n. 1 (602 SE2d 246) (2004), and this appeal ensued. In two enumerations of error, Oglesby and Thornburg assert that the trial court erred in finding that Thornburg was subject to personal jurisdiction and properly served with process, and that venue was proper with respect to Oglesby. This Court finds that service was not effective as to Thornburg and that venue was improper as to Oglesby, and accordingly, we reverse.

> A preliminary hearing over defenses of lack of jurisdiction over the person or subject matter and improper venue whether made in a pleading or by motion may be heard and determined before trial on the application of any party. At such hearing factual issues shall be determined by the trial court. Factual determinations of the trier of fact will be reversed only where the evidence demands a contrary finding, and when the trial judge conducts a hearing on a motion to dismiss or transfer for improper venue, his findings, as a trier of fact, are tested by the any evidence rule.

(Citations and punctuation omitted.) *McLendon v. Albany Warehouse Co.*, 203 Ga. App. 865, 866 (1) (418 SE2d 130) (1992). Similarly, we will not disturb the trial court's factual findings regarding the sufficiency of service if there is evidence to support them. *Hardin Constr. Group v. Fuller Enterprises*, 233 Ga. App. 717, 721-722 (2) (505 SE2d 755) (1998).

The evidence of record shows that G. D. was born on February 10, 2010, and has resided with Oglesby since that time. Until approximately May 2010, Oglesby resided at a modular home located at 129 Godley Road, Bloomingdale, Georgia.[1] In May 2010, she and her husband moved to a new home that was located on the same road as the modular home, at 109 Godley Road, Bloomingdale, Georgia. Although on the same road, the homes were in different counties. The modular home was located in Effingham County; the new home was located in Chatham County (although only about 200 yards from the Effingham County line). On September 22, 2010, Oglesby completed a petition for temporary letters of guardianship of G. D., which she filed in the Probate Court of Effingham County; she was appointed as G. D.'s temporary guardian on the same day.

On October 18, 2010, the Deals filed a petition for grandparents' visitation rights in the Superior Court of Effingham County.[2] The evidence shows that Oglesby was personally served with this action at 129 Godley Road in Effingham County. Although the evidence reflects that Thornburg moved to Arizona on October 7, 2010, the sheriff purported to serve Thornburg by leaving the summons with Oglesby at 129 Godley Road.[3]

In their answer to the petition, Oglesby and Thornburg raised the defenses of insufficiency of service of process, lack of personal jurisdiction, and improper venue; they sought to have the case either dismissed or transferred to the Superior Court of Chatham County. Following a hearing on venue, the trial court found that Oglesby and Thornburg were both residents of Effingham County at the time the Deals filed their petition, and that venue was therefore proper in Effingham County. In its subsequent order denying the motion to transfer the case to the Superior Court of Chatham County, the trial court also expressly found that it had personal jurisdiction over Oglesby and Thornburg, and that service of process was sufficient.

1. Oglesby and Thornburg argue that Thornburg was not subject to the jurisdiction of the trial court and was not properly served. Although we find that the trial court was authorized to obtain personal jurisdiction over Thornburg pursuant to Georgia's long arm statute,[4] we conclude that she was not properly served with process.

---

[1] In addition to the modular home, Oglesby's husband testified that his place of business continues to be located at 129 Godley Road, Bloomingdale, Georgia.

[2] The evidence shows that G. D.'s father died before G. D.'s birth.

[3] According to Oglesby, the sheriff did so even after she told him that Thornburg "doesn't live here. She's living with her grandmother."

[4] Although visitation is considered a custody issue under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), see *Daniels v. Barnes*, 289 Ga. App. 897, 899, n. 1 (658 SE2d 472) (2008) (citing OCGA § 19-9-41 (3)), we note that this Act does not provide

The evidence below shows that Thornburg resided with her mother (Oglesby), at 129 Godley Road, Effingham County, from approximately October 2009 through October 7, 2010. On October 7, 2010, Thornburg moved to Arizona to live with her grandmother and attend college. Oglesby testified that she had purchased Thornburg's one-way airline ticket to Arizona. According to Oglesby, Thornburg's intent was to live in Arizona permanently and that she had neither returned, nor desired to return, to Georgia.

Under the Georgia long arm statute, a "nonresident" is an individual

> not residing [or] domiciled . . . in this state at the time a claim or cause of action under Code Section 9-10-91 arises . . . [or] an individual . . . who, at the time a claim or cause of action arises under Code Section 9-10-91, was residing [or] domiciled . . . in this state and subsequently becomes a resident [or] domiciled . . . outside of this state as of the date of perfection of service of process as provided by Code Section 9-10-94.

OCGA § 9-10-90. Because the long arm statute defines "nonresident" in the disjunctive, "either a change in residence or change in domicile would suffice to make a person a nonresident." *Cooper v. Edwards*, 235 Ga. App. 48, 50 (508 SE2d 708) (1998). And while "a concurrence of actual residence and intent to remain is necessary to acquire a domicile," the same is not true to establish residence. Id. Indeed, "a person may have several residences which are not necessarily permanent or in the same locale as the domicile." Id. Thus, regardless of whether Thornburg's domicile remains in Georgia, she has been an Arizona resident since early October 2010. See id. at 49-50 (holding that a defendant, who was incarcerated in South

---

a basis for the trial court's jurisdiction here. We have previously held that

> [u]nder the UCCJEA, one basis for a Georgia court's exercise of jurisdiction to make an initial child custody determination is if Georgia is the "home state of the child on the date of the commencement of the proceeding." OCGA § 19-9-61 (a) (1). . . . That court then retains "exclusive, continuing jurisdiction (of) the determination" if the first determination was made "consistent with" OCGA § 19-9-61 (or another Code section not applicable here) so long as either the child or a parent resides in the state or either the child, the parents, or a person acting as a parent has a significant connection with Georgia and substantial evidence regarding the child is still available here. OCGA § 19-9-62 (a). Under these circumstances, personal jurisdiction over the parties for a modification of custody is not required. OCGA § 19-9-61 (c). . . .

Id. at 899. The trial court in this case, however, never made a previous child custody determination as to G. D.; rather, it was the probate court that made the initial custody determination when it issued letters of temporary guardianship to Oglesby. See OCGA § 19-9-41 (3), (8) (defining "child custody determination" and "initial determination").

Carolina, was a resident of that state, regardless of whether his domicile remained in Georgia, and was therefore a "nonresident" within the meaning of the long arm statute). Accordingly, Thornburg is a nonresident subject to our long arm statute.

The provisions of the long arm statute further control the scope of personal jurisdiction that Georgia courts may exercise over nonresidents by requiring an out-of-state defendant to do certain acts, as delineated by the statute, within the state of Georgia before she can be subjected to personal jurisdiction in Georgia. See *Innovative Clinical &c. Svcs. v. First Nat. Bank &c.*, 279 Ga. 672, 673 (620 SE2d 352) (2005). These acts are enumerated in OCGA § 9-10-91, which reads in relevant part:

> Has been subject to the exercise of jurisdiction of a court of this state which has resulted in an order of alimony, *child custody*, child support, equitable apportionment of debt, or equitable division of property if the action involves modification of such order and the moving party resides in this state or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

(Emphasis supplied.) OCGA § 9-10-91 (6). Here, a Georgia probate court issued an order granting Oglesby temporary custody of Thornburg's minor son, G. D. To the extent the Deals sought to have the superior court issue another order concerning G. D., specifically for grandparents' visitation rights, the Deals' action against Thornburg involved modification of the probate court's temporary custody order. Accordingly, the underlying action against Thornburg fell within the purview of subsection (6) of the long arm statute.

> Of course, before permitting the exercise of long-arm jurisdiction, due process requires that a defendant, if she is not present in the forum state, have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

(Citation, punctuation and footnote omitted.) *Cooke v. Cooke*, 277 Ga. 731, 732-733 (594 SE2d 370) (2004). In this case, the trial court found that both Thornburg and G. D. had significant contacts with Georgia. We agree. Thornburg was born in Georgia and lived her entire life in Georgia until she moved to Arizona for college in October 2010. Thornburg gave birth to G. D. in Georgia and resided with him at her mother's home in Georgia. Significantly, prior to moving to Arizona, Thornburg subjected herself to the jurisdiction of

the Georgia probate court when she and her mother filed a petition for letters of temporary guardianship of G. D. Moreover, although G. D. has been out to visit Thornburg in Arizona, he still continues to reside in Georgia with Oglesby. We conclude that there "is a sufficient basis upon which to conclude that the exercise of long-arm jurisdiction over [Thornburg] comports with due process precepts of 'fair play' and 'substantial justice.' " (Footnote omitted.) Id. at 733.

Therefore, the Deals were required to serve Thornburg pursuant to the long arm statute, under which a plaintiff must serve "process on a person residing outside the state in the same way that someone is served inside the state, so long as the service outside the state is made by a person authorized to do so by the laws of that state." *Aucoin v. Connell*, 209 Fed. Appx. 891, 894 (11th Cir. 2006) (citing OCGA § 9-10-94). This means that the Deals had to serve Thornburg "personally, or by leaving copies thereof at [Thornburg's] dwelling house or usual place of abode." OCGA § 9-11-4 (e) (7).

As reflected by the sheriff's November 3, 2010 return of service, the Deals attempted to serve Thornburg by having the sheriff leave a copy of the summons and petition with Oglesby, Thornburg's mother, at 129 Godley Road, Bloomingdale, Georgia. Although the sheriff's return of service provided prima facie proof of proper service, "it is not conclusive and may be traversed by proof that such facts are untrue." *Yelle v. U. S. Suburban Press*, 216 Ga. App. 46, 47 (453 SE2d 108) (1995). "When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Citation and punctuation omitted.) Id. Such evidence was presented here. Notably, Oglesby and her husband testified that as of November 3, 2010, Thornburg was no longer residing with them, as Thornburg had moved to Arizona on October 7, 2010, to attend college and live with her grandmother. Upon the sheriff's attempt to serve Thornburg on November 3, 2010, Oglesby specifically told the sheriff that Thornburg "doesn't live here. She's living with her grandmother." Moreover, the record contains Thornburg's airline receipt for a one-way ticket to Arizona on October 7, 2010. This was sufficient evidence to rebut the Deals' prima facie case.

The burden then shifted back to the Deals to show that service was proper. *McRae v. White*, 269 Ga. App. 455, 458 (604 SE2d 291) (2004). The Deals, however, submitted no evidence apart from the sheriff's return of service and thus did not carry their burden. *Aucoin*, supra, 209 Fed. Appx. at 894. Therefore, the service as to Thornburg was improper, and the portion of the trial court's order

finding otherwise must be reversed.[5]

2. Oglesby and Thornburg also contend that Oglesby was a resident of Chatham County, Georgia, and that the trial court therefore erred in finding venue to be proper in Effingham County. We agree.

Venue is appropriate in the county where the defendant resides.[6] Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. "In general, one's legal residence for the purpose of being sued in Georgia is the same county as his or her domicile." *Davis-Redding v. Redding*, 246 Ga. App. 792, 793 (1) (542 SE2d 197) (2000). "Although domicile is a mixed question of law and fact which is ordinarily for a jury where the evidence is in conflict, domicile should be determined by the trial court as a matter of law when the evidence establishes a plain and palpable case." *Dozier v. Baker*, 283 Ga. 543, 544 (2) (661 SE2d 543) (2008).

Here, the trial court made specific factual findings at the venue hearing, concluding that the parties continue to vote[7] and request services from Effingham County and that the geographic location of the 129 Godley Road home was such that it was "adjacent, a football field or so from the county line." Such evidence, however, is not controlling as to whether Oglesby remained domiciled in Effingham County at the time the Deals filed their petition against her. To the contrary, the plain and palpable evidence demanded a finding that Oglesby had in fact changed her domicile to Chatham County at the time the petition was filed.

To acquire domicile, it is necessary only to have "a concurrence of actual residence and intent to remain. . . ." *Cooper*, supra, 235 Ga. App. at 50. Likewise, "[t]he domicile of a person sui juris may be

---

[5] We note that there is no dispute that Thornburg timely asserted the defense of insufficiency of service of process by raising the same in her answer to the Deals' petition for visitation rights of G. D. See *Yelle*, supra, 216 Ga. App. at 46 ("[Defendant's] answer to the complaint . . . was sufficient to raise the defense of insufficient service of process.") (citing OCGA § 9-11-12 (b)).

[6] We note that the question of venue cannot be answered by the Georgia Child Custody Intrastate Jurisdiction Act, OCGA § 19-9-20 et seq., which "addresses only where complaints seeking a change of custody which are filed by or against the *legal custodian* of the child should be brought." *Gordon v. Gordon*, 269 Ga. App. 224, 225 (2) (603 SE2d 732) (2004) (citing OCGA § 19-9-23 (a), (b)). "A legal custodian is defined in the Act as 'a person, including, but not limited to, a parent, who has been awarded *permanent* custody of a child by a court order.' " Id. (citing OCGA § 19-9-22 (2)). Because Oglesby has only temporary custody of G. D., "there is no 'legal custodian' as that term is defined in the Act, and the provisions of the Act that govern the filing of a complaint seeking a change of custody do not apply." Id.

[7] We note that the trial court's finding as to voting concerns only Oglesby's husband and the fact that he voted in November 2010 as a resident of Effingham County. Such evidence, however, is not determinative of Oglesby's domicile. See *Cooper*, supra, 235 Ga. App. at 49 (noting that neither domicile nor residence of one spouse is presumed to be that of the other). Oglesby testified that she has never in her life voted.

changed by an actual change of residence with the avowed intention of remaining at the new residence." OCGA § 19-2-1 (b). Here, both Oglesby and her husband testified that in approximately May 2010, they moved out of their 129 Godley Road modular home and into a new home they built at 109 Godley Road. According to the certificate of occupancy that the city issued to the Oglesbys on March 23, 2010, their 109 Godley Road home was located in Chatham County. Oglesby testified that she would consider herself a resident of Chatham County as of the date she and her husband moved into the 109 Godley Road home. Thus, the direct evidence shows that as of the time the Deals filed their petition for visitation rights, Oglesby actually resided, and intended to remain, in Chatham County.

Contrary to the Deals' arguments otherwise, Oglesby's evidence is not refuted by the fact that she has continued to hold herself out as a resident of Effingham County. Specifically, the Deals point to Oglesby's September 2010 petition for temporary guardianship of G. D., which she filed in the Probate Court of Effingham County. Oglesby does not deny that by completing this September 2010 petition, she listed her address as 129 Godley Road, and that she swore under oath that she was a resident of Effingham County.[8] The Deals also proffer evidence that Oglesby's children, with whom she resided at her Chatham County address, continued to attend an Effingham County school.

The Deals' evidence shows only that Oglesby continued to utilize her 129 Godley Road residence address in order to retain certain benefits associated with residency in Effingham County.[9] And while a person may have only one domicile, she may have more than one residence. *Dozier*, supra, 283 Ga. at 545. Indeed, unlike domicile, "a person may have several residences which are not necessarily permanent or in the same locale as the domicile." *Cooper*, supra, 235 Ga. at 50.

Thus, because the evidence of record shows that Oglesby was domiciled in Chatham County as of the time the Deals filed their petition for visitation rights, "we conclude that the evidence of record demands a contrary finding as to the mixed question of law and fact concerning the existence of venue." *McLendon*, supra, 203 Ga. App. at 868 (2). Therefore, we reverse the judgment below and remand this case with direction that the trial court transfer it to the

---

[8] According to Oglesby, however, since becoming aware that she was required to file her temporary guardianship petition in Chatham County, she has informed the probate court of her error.

[9] At the very least, Oglesby's testimony demonstrates that her conduct was a result of her lack of awareness that the 109 Godley Road address was located in Chatham County rather than Effingham County.

Superior Court of Chatham County. See *Ward v. Ward*, 194 Ga. App. 669, 671 (2) (391 SE2d 480) (1990) ("[W]here an action is brought and improper venue is alleged, the Uniform Transfer Rules apply, and the action is transferred rather than dismissed.") (citation and punctuation omitted).

*Judgment reversed and case remanded with direction. Ellington, C. J., and Doyle, J., concur.*

DECIDED SEPTEMBER 8, 2011.

*Adam P. Cerbone*, for appellants.
*Dennis G. Dozier*, for appellees.