**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 7, 2013**

# In the Court of Appeals of Georgia

A13A1536. GOYAL v. FIFIDARA.

BRANCH, Judge.

Ashok Goyal brings this appeal from the trial court's denial of his motion to transfer these child custody modification proceedings from Gwinnett County to DeKalb County. Goyal argues that the trial court erred when it concluded that he had not established domicile in DeKalb County at the time the child's mother, appellee Nimita Fifidara, filed the modification petition. We find no error and affirm.

Although domicile may be determined as a matter of law "when the evidence establishes a plain and palpable case," it is "a mixed question of fact and law . . . where the evidence is in conflict." *Dozier v. Baker*, 283 Ga. 543, 544 (2) (661 SE2d 543) (2008). "When the trial court conducts a hearing and makes findings of fact on a motion to dismiss or transfer for improper venue, the findings of fact are tested by

the any evidence rule." *Viskup v. Viskup*, 291 Ga. 103, 104 (1) (727 SE2d 97) (2012), citing *Oglesby v. Deal*, 311 Ga. App. 622 (716 SE2d 749) (2011).

So viewed, the record shows that in 2010, the DeKalb County trial court awarded Goyal legal and physical custody of the couple's seven-year-old son. The mother appealed this custody award to this Court, which affirmed. *Fifidara v. Goyal*, 318 Ga. App. 196 (733 SE2d 478) (2012). On October 23, 2012, two days before the issuance of our opinion in that appeal, Fifidara filed the instant petition to modify custody in Gwinnett County. At 5:10 a.m. on October 25, 2012, Goyal was served at 465 Rams Way, Tucker, Gwinnett County. Goyal then specially appeared by answer, raised the defense of improper venue, and moved to transfer the matter to DeKalb County.

At the January 2013 hearing on the motion to transfer, Goyal testified that for eight years before May 2012, he had lived at 465 Rams Way, Tucker, Gwinnett County; that in March 2012, he closed on the purchase of a condominium at 1388 Orchard Park Drive, Stone Mountain, DeKalb County; that on May 29, 2012, he sent an email, which he introduced into evidence, to Fifidara stating that "effective May 29, 2012, I plan to move to the Orchard Park residences, a gated community not open to trespassers"; that he actually moved to 1388 Orchard Park Drive on May 29, 2012;

2

and that he had slept at that address during every night spent in Georgia since that time. An electric bill from this address showed that usage began in April 2012 and rose substantially from May to June and afterward of the same year. Goyal testified that he was now renting the Gwinnett County house to three tenants.

Much of Goyal's testimony was disputed, however. Evidence at the hearing showed that Goyal's driver's license showed the Gwinnett County address eight months after his alleged move to DeKalb, and Goyal had notified neither his homeowner's insurance carrier nor the Internal Revenue Service of his move to DeKalb. Fifidara's private investigator testified that although he saw another man and a woman carrying cleaning supplies outside 1388 Orchard Park Drive on December 13, 2012, and although he saw Goyal's son's bicycle at a nearby unit in a different building that Goyal also owned, he never saw Goyal there. Goyal re-enrolled his son in the school district of the Gwinnett County residence in August 2012, more than two months after his alleged move. Although Goyal claimed at the hearing to have used the DeKalb address in a letter related to his son's bus schedule, he acknowledged under cross-examination that he had actually signed such a letter using the Gwinnett County address, and his son's bus ID card and drug prescriptions also bore the Gwinnett County address. Goyal ran for a position on the Gwinnett County School

3

Board in September 2012, and did not submit a change of address form for his DeKalb County address to the post office until "some time" in October. Goyal's explanation for his presence at the Gwinnett County address at 5:10 a.m. on October 25, when he was served with Fifidara's petition, was that he was fixing a leak at the property.

During the evidentiary portion of the hearing, the trial court expressed its preliminary view that Goyal had maintained his residence and domicile in Gwinnett County after May 2012. At the conclusion of the hearing, the trial court specifically discounted Goyal's testimony that he had moved to the DeKalb County address in May 2012 and opined that he had manufactured evidence suggesting such a move at that time only after being served with Fifidara's petition in October 2012. In its final order, the trial court expressly stated that it did not credit Goyal's testimony, that his enrollment of his son in Gwinnett County schools and the son's continued use of the bus to the Gwinnett County address was "incongruous with intent to reside in DeKalb County," and that "other evidence supportive of [the mother's] position was proffered to the Court." This appeal followed.

Goyal argues that the trial court erred when it concluded that he had not proved domicile in DeKalb County at the time Fifidara's petition was filed. We disagree.

4

Venue is appropriate in the county where the defendant resides. Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. "In general, one's legal residence for the purpose of being sued in Georgia is the same county as his or her domicile." (Citation and footnote omitted.) *Davis-Redding v. Redding*, 246 Ga. App. 792, 793 (1) (542 SE2d 197) (2000). "The domicile of a person sui juris may be changed by an actual change of residence with the avowed intention of remaining at the new residence." OCGA § 19-2-1 (b); see also *Oglesby*, 311 Ga. App. at 627-628 (2) ("To acquire domicile, it is necessary only to have a concurrence of actual residence and intent to remain.") (citation and punctuation omitted).

It is true that uncontradicted and direct evidence of a person's actual residence in a new county and an intent to remain there will prove domicile in that county even in the face of evidence that the person continues to send a child to schools in the former residence's county. See *Oglesby*, 311 Ga. App. at 628 (2). Goyal was also free to spend time and pay expenses at the Gwinnett County address even after moving his domicile to DeKalb County. See *Dozier*, 283 Ga. at 545 (2) (commissioner's "continued use" of previous address "[did] not prove that he failed to abandon" that address as his domicile). Here, however, the email Goyal sent on May 29 expressed only a future intention to move to DeKalb County; the trial court specifically rejected

5

Goyal's testimony that he actually began to reside there on or around that date; and abundant circumstantial evidence, which we have outlined above, contradicted that testimony. Rather, this same evidence supported the trial court's factual finding that Goyal maintained his domicile in Gwinnett County until at least the October 2012 date on which he was served with Fifidara's petition. We therefore affirm the trial court's denial of Goyal's motion to transfer venue to DeKalb County. *Viskup*, 291 Ga. at 104 (1) (affirming trial court's summary denial of father's motion to transfer custody matter when some evidence at the hearing supported the trial court's determination that he had not changed his county of residence as of the date a mother's modification petition was filed).

*Judgment affirmed. Phipps, C. J., and Ellington, P. J., concur.*