**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 29, 2025**

# In the Court of Appeals of Georgia

A25A0180. OGUNDANA v. OGUNDANA.

DAVIS, Judge.

Anthony Ogundana, the Father, filed an action against Helen Ogundana, the Mother, in Cobb County. In her verified answer and again at a hearing, the Mother took exception to venue. More specifically, she averred that venue was proper in the county she resided — Fulton County. Believing the Mother had waived the improper venue defense, the trial court moved forward. But since the record demonstrates that the Mother preserved the venue defense, and because the evidence is uncontroverted that the Mother did not reside in Cobb County, we vacate the decisions below with direction.

In August 2020, the Father brought a child custody action in Cobb County against the Mother. When he could not locate her, the Father sought permission to perfect service by publication, which the trial court granted. Meanwhile, during a separate proceeding in Fulton County, the Mother happened to learn of the Father's suit pending in Cobb County. So, she filed a verified answer[1] and raised several defenses, among them improper venue:

> I reside in Fulton County, Georgia. The Modification should have been filed in the county of my residence. I respectfully request that this matter be transferred to the Fulton County Superior Court.

Elsewhere in her answer, the Mother states, "I am currently a resident of Fulton County, so jurisdiction and venue are not proper."

A day later, the trial court held a previously scheduled hearing where the Mother emphasized the defenses raised in her answer. In particular, the Mother stated: "I would like to [tell] the [c]ourt that . . . the county . . . put in [the] [complaint] is the wrong county. I don't live in Cobb County . . . I live in Fulton County." Still, the trial court proceeded, stating: "Well, I've got the case right now.

---

[1] In a verified answer, the defendant's averments are made under oath. See OCGA § 9-11-11 (c).

And so I'm going to go forward with it." Thereafter, it awarded temporary custody to the Father after a temporary hearing on June 18, 2021 and eventually granted him sole legal and physical custody in a final judgment dated July 26, 2023. This appeal followed.[2]

On appeal, the Mother enumerates several errors and challenges venue. Since venue is a threshold issue, we start there. See *Equity Tr. Co. v. Jones*, 339 Ga. App. 11, 14 (792 SE2d 458) (2016). If "the record contains any evidence to support the trial court's finding on venue," we affirm "unless the evidence demands a contrary finding." *Camp v. Peetluk*, 262 Ga. App. 345, 348 (1) (585 SE2d 704) (2003). But as always, "we review de novo the trial court's application of the law to undisputed facts." *HD Supply, Inc. v. Garger*, 299 Ga. App. 751, 751 (683 SE2d 671) (2009).

First we consider whether the trial court erred when it determined the Mother waived the defense of improper venue.[3] The final judgment recognized that the Mother challenged venue during the temporary hearing and raised the defense in her

---

[2] The Father did not file a brief.

[3] See OCGA § 9-11-12 (b), (h) (1) (B) (stating the defense of improper venue may be waived if omitted from a responsive pleading — if a responsive pleading is required).

answer but concluded the "Mother waived her venue defense . . . because her answer was not timely filed." While it is true that an answer must be filed within 60 days after the trial court issues an order for service by publication, "[i]f the proof of service is not filed . . . , the time for the party served to answer . . . shall not begin to run until such proof of service is filed." OCGA § 9-11-4 (f) (1) (C), (h). In case of publication, "the certificate of the clerk of court certifying to the publication" serves as the proof. OCGA § 9-11-4 (h) (3).

Here, because the clerk of court never filed a certificate certifying to the publication, the Mother's deadline to answer did not begin to run. See OCGA § 9-11-4 (h) ("If the proof of service is not filed . . . the time for the party served to answer the process shall not begin to run. . . ."); see also *Summers v. Wasdin*, 337 Ga. App. 671, 672 (2) (a) (788 SE2d 573) (2016). And without a deadline to satisfy, the Mother's answer could not be untimely. See, e.g., *Nally v. Bartow Cty. Grand Jurors*, 280 Ga. 790, 792 (4) (633 S.E.2d 337) (2006)("[T]he time for filing an answer never began to run because [plaintiff] did not perfect service on any of the [defendants]."); OCGA § 9-11-12 (b) ("Every defense, in law or fact, . . . shall be asserted in the responsive

4

pleading . . . *if one is required*.") (emphasis supplied). It follows then that Mother did not waive her defense of improper venue under these circumstances.[4]

Having found the Mother did not waive the venue defense, the analysis from this point is straightforward. To begin with, a "complaint seeking a change of legal custody or physical custody shall be initiated in compliance with Article VI, Section II, Paragraph VI of the Constitution of this state." OCGA § 19-9-23 (a). Under Ga. Const. Art. VI, § II, Para. VI, "civil cases . . . shall be tried in the county where the defendant resides[.]" Accordingly, venue is a constitutional requirement and only appropriate in the county where the defendant resides. See *Goyal v. Fifadara*, 324 Ga. App. 567, 568 (751 SE2d 190) (2013).

In this case, the evidence shows that the Mother did not reside in Cobb County at the time the Father filed his action. First, the Mother's verified answer avers that she resides in Fulton County and not Cobb County. Then, during the temporary hearing, she told the trial court in open court that she did not live in Cobb County. Finally, the Father knew the Mother had not resided in Cobb County "for more than

---

[4] The Mother did not challenge the sufficiency, validity, and *fact of* service by omitting the affirmative defense in her answer. So, we address service only in the context of analyzing the answer deadline. Indeed, only after calculating the deadline can we determine the timeliness of the Mother's answer.

two years" preceding his action. He said so, in fact, in support of his motion for service by publication.

Because the trial court determined that venue was waived, it did not analyze the residency issue or make any findings about venue.[5] There is no record evidence that would support a finding that venue was proper in Cobb County, given the Mother's sworn statements to the contrary and the sworn statements made by the Father stating he knew the Mother did not reside in Cobb County.[6] Accordingly, as venue was not proper in Cobb County, the trial court did not have authority to issue either the temporary order of custody or final judgment, which means both the order and

---

[5] The Mother flagged improper venue in two motions: initially in her motion to transfer venue and again in her motion to set aside. Both were summarily denied without any explanation why or findings of fact as to the Mother's residence. As a reminder, "on a motion to dismiss for improper venue, the trial court may receive evidence and make relevant factual findings to decide the threshold issue of venue.") (Citation and punctuation omitted.) *Jones*, 339 Ga. App. at 14. Moreover, if a defendant raises any of the defenses enumerated in OCGA § 9-11-12 (b) (1)-(7), including improper venue, then the trial court *must* hold a preliminary hearing when requested by any party. See OCGA § 9-11-12 (d).

[6] Because the Father did not file a brief, the Mother's statement of facts is accepted as true. See Ga. Ct. App. Rule 25 (b).

judgment are void.[7] See *Lowe v. Lowe*, 314 Ga. App. 689, 693 (1) (725 SE2d 820) (2012); *Thorpe v. Thorpe*, 268 Ga. 724, 726 (492 SE2d 887) (1997) (finding the trial court's judgment and order directing service by publication void in the absence of proper venue); *Ross v. Waters*, 332 Ga. App. 623, 625 (1) (774 SE2d 195) (2015) ("A trial court without venue lacks authority to issue an order or judgment, and any such order or judgment is void.") (citation omitted).

Accordingly, we vacate the June 18, 2021 temporary order and the July 26, 2023 final judgment, and remand with direction to transfer the case to the Superior Court of Fulton County after notice to the parties and in accordance with the Ga. Unif. Transfer Rules.

*Judgment vacated and case remanded with direction. Rickman, P. J., and Gobeil, J., concur.*

---

[7] Given this conclusion, it is not necessary to reach the Mother's remaining enumerated errors.