## A08A1324. NELSON v. POWELL.

(666 SE2d 598)

MILLER, Judge.

On May 23, 2007, Michael D. Powell instituted a dispossessory proceeding against Bobby Nelson in the Municipal Court of Columbus, Georgia (the "Municipal Court").[1] Following a bench trial, the trial court granted a writ of possession and subsequently dismissed Nelson's motion for a new trial on the grounds that the Municipal Court was without jurisdiction to hear the motion. Nelson appeals. Finding that the Municipal Court did have jurisdiction to consider the motion, we vacate and remand.

In the brief in support of his motion for new trial, Nelson stated that he was "moving for a new trial pursuant to [OCGA] § 5-5-1 et seq." Powell responded that OCGA § 5-5-1 et seq. did not apply to the Municipal Court. At the hearing that followed, the trial court granted Powell's oral motion to dismiss "based on a lack of jurisdiction of this Court under the provisions of [OCGA] § 5-5-1."

Although OCGA § 5-5-1 (a)[2] does not include the Municipal Court in the list of those courts specifically authorized to grant new trials, the Municipal Court's enacting legislation provides such authority. See Ga. L. 1983, pp. 4453-4454, § 33. The general laws of the State applicable to superior courts with respect to procedure and practice, including "granting new trials," are also applicable to the Municipal Court. Id. at 4451, § 25. In addition, because the Municipal Court is a court of record, our Constitution provides that it may grant new trials on legal grounds. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV ("[e]ach superior court, state court, and *other courts of record* may grant new trials on legal grounds") (emphasis supplied); Ga. L. 1983, p. 4451, § 24 (the Municipal Court "shall be a court of record"). See also *In the Interest of T. A. W.*, 265 Ga. 106, 107, n. 2 (454 SE2d 134) (1995) (juvenile courts are courts of record and are therefore authorized to grant new trials, notwithstanding the omission of juvenile courts from the list of courts in OCGA § 5-5-1 (a)[3]); *Jones v. Heilig Meyers*, 223 Ga. App. 277, 278 (477 SE2d 411) (1996) ("The Municipal Court of Columbus, Georgia is a court of record. . . ."). It follows that the trial court erred in concluding that it was required to dismiss Nelson's motion for new trial for lack of jurisdiction.

---

[1] The Municipal Court was created by an Act of the General Assembly approved August 12, 1915 (Ga. L. 1915, p. 63), which Act has been amended numerous times, notably an act approved March 29, 1983 (Ga. L. 1983, p. 4443). See also Ga. L. 1993, pp. 5011-5012, §§ 5-400 and 5-401 (Columbus, Georgia charter provision regarding "redesignation" of the court).

[2] "The superior, state, and juvenile courts and the City Court of Atlanta shall have power to correct errors and grant new trials. . . ."

[3] OCGA § 5-5-1 (a) did not at that time list juvenile courts. See Ga. L. 2000, p. 862, § 1.

Powell argues that we may not consider either the Municipal Court's enacting legislation or the Georgia Constitution because these issues were never raised before the trial court. However, "[a]ppellate courts review enumerations for correction of errors of law committed by the trial court — where motions or objections are properly presented for a ruling by the trial court." (Citations omitted.) *Holland v. State*, 197 Ga. App. 496, 497 (1) (398 SE2d 810) (1990). Here, such motion was Powell's motion to dismiss. The trial court's conclusion that it was without jurisdiction to hear Nelson's motion for a new trial due to OCGA § 5-5-1 is legally incorrect. "Where it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm." (Citation omitted.) *Gwinnett County v. Davis*, 268 Ga. 653, 655 (492 SE2d 523) (1997). See *Imerys Clays, Inc. v. Washington County Bd. of Tax Assessors*, 287 Ga. App. 674, 676 (652 SE2d 580) (2007). Accordingly, we vacate the trial court's order dismissing Nelson's motion for a new trial and remand the case for proceedings consistent with this opinion.

*Judgment vacated and case remanded with direction. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 4, 2008.

*Adrianne R. Carr*, for appellant.
*Richard E. Flowers*, for appellee.