[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14695

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2011
JOHN LEY
CLERK

D. C. Docket No. 09-00432-CV-RBP-2

JOHN RUCKER,
CAROLYN WILLIAMS,
WANDA ANDERSON,
MELANIE HOUSE,
THOMAS R. PRINCE, JR.,
on behalf of themselves and
others similarly situated,

Plaintiffs-Appellees,

versus

OASIS LEGAL FINANCE, L.L.C.,

Defendant-Appellant,

GLOBAL FINANCIAL CREDIT, L.L.C., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 11, 2011)

Before BLACK, MARTIN and COX, Circuit Judges.

MARTIN, Circuit Judge:

This case presents the issue of the enforceability of a forum selection clause. The plaintiffs, on behalf of themselves and a purported class of others similarly situated, filed a declaratory judgment action outside of the contractually chosen forum, and the defendant moved to dismiss based on improper venue. The District Court denied the defendant's motion, concluding that giving effect to the forum selection clause would be unreasonable under the circumstances. After thorough review, we reverse and remand with instructions to enforce the clause and dismiss this action without prejudice on the basis of improper venue.

## I.

The defendant, Oasis Legal Finance, L.L.C., provides "non-recourse funding" to plaintiffs involved in pending litigation. The plaintiffs are Alabama residents who entered into "purchase agreements" with Oasis. Under the terms of the purchase agreements, the plaintiffs sold an interest in the proceeds of their pending legal claims to Oasis in exchange for a fixed sum. The purchase agreements provided that if the plaintiffs recover nothing on their legal claims, they have no obligation to repay Oasis.

The purchase agreements also included choice of law and forum selection

clauses. The choice of law clause states that: "all lawsuits, disputes, claims, or proceedings arising out of or relating to this Purchase Agreement . . . shall be governed, construed and enforced in accordance with the laws of the State of Alabama." The forum selection clause requires all disputes between the parties to be litigated in the Circuit Court of Cook County, Illinois. Specifically, the forum selection clause provides that:

> The Parties hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the Circuit Court of Cook County, Illinois for any disputes, claims or other proceedings arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, and <u>agree not to commence any such lawsuit, dispute, claim, or other proceeding except in the Circuit Court of Cook County, Illinois</u>. The parties hereby irrevocably and unconditionally waive any objection to the laying of venue of any lawsuit, dispute, claim or other proceeding arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, in the Circuit Court of Cook County, Illinois, and hereby further irrevocably and unconditionally waive and agree not to plead or claim in the Circuit Court of Cook County, Illinois that any such lawsuit, dispute, claim or other proceeding brought in the Circuit Court of Cook County, Illinois has been brought in an inconvenient forum.

(emphasis added).

In March 2009 the plaintiffs filed this purported class action in the Northern District of Alabama seeking a declaratory judgment that the purchase agreements they entered into with Oasis were void under Alabama law as illegal gambling contracts. Oasis moved to dismiss the action for improper venue on the basis of

3

the forum selection clause in the purchase agreements.  See Fed. R. Civ. P.

12(b)(3); Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th

Cir. 1998).  The District Court denied Oasis's motion, concluding that enforcement

of the forum selection clause would be unreasonable because it would require the

parties to litigate a pure question of Alabama law in Illinois.  This is the

interlocutory appeal of the District Court's order.  See 28 U.S.C. § 1292(b).

## II.

We must first determine the proper standard of review to apply when

reviewing the District Court's decision regarding this forum selection clause.  This

Court has previously reviewed the enforceability of a forum selection clause in an

international agreement de novo.  See Lipcon, 148 F.3d at 1290–91.  Plaintiffs

argue that the District Court's decision not to enforce the forum selection clause in

their contract, however, should be reviewed only for an abuse of discretion because

the clause was included in a domestic, rather than international, agreement.

It is true that we generally review the dismissal of a lawsuit for improper

venue under an abuse of discretion standard.  Home Ins. Co. v. Thomas Indus.,

Inc., 896 F.2d 1352, 1355 (11th Cir. 1990).  However, when considering the

dismissal of a lawsuit for improper venue based on a forum selection clause in an

international agreement, we concluded that there is "good reason" to review a

district court's decision regarding the enforceability of a forum selection clause <u>de novo</u>. <u>Lipcon</u>, 148 F.3d at 1290. We explained that such an inquiry requires us to interpret a provision of a contract—a question of law subject to <u>de novo</u> review. <u>Id.</u> We also noted that in the context of international agreements, there may be questions of "fundamental fairness and public policy," determinations which we explained were "quintessentially legal." <u>Id.</u> at 1290–91.

Despite the distinction that plaintiffs attempt to make, the enforceability of a forum selection clause in a domestic contract is just as much a question of law as the enforceability of a forum selection clause in an international contract. We review questions of law <u>de novo</u>, and we have concluded, like many of our sister circuits, that the wiser course of action is to apply that standard here. <u>See</u> <u>Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte</u>, 536 F.3d 439, 441 (5th Cir. 2008); <u>Pee Dee Health Care, P.A. v. Sanford</u>, 509 F.3d 204, 209 (4th Cir. 2007); <u>Preferred Capital, Inc. v. Assocs. in Urology</u>, 453 F.3d 718, 721 (6th Cir. 2006); <u>Silva v. Encyclopedia Britannica, Inc.</u>, 239 F.3d 385, 387 (1st Cir. 2001); <u>see also</u> 14D <u>Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure</u> § 3803.1 (3d ed. 2009) ("Some courts of appeal have held that the enforceability of a forum selection clause is reviewed for abuse of discretion. But many recent cases have held—correctly it seems—that the meaning, scope, and

5

applicability questions relating to the clause are questions of law so that the district court's decision is reviewable de novo." (footnotes omitted)).

III.

We decide whether state versus federal law governs a particular issue, such as the enforceability of a forum selection clause, in federal diversity cases by applying the Erie doctrine. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427, 116 S. Ct. 2211, 2219 (1996). Under the Erie doctrine, we conduct a multi-step analysis. Esfeld v. Costa Crociere, S.P.A., 289 F.3d 1300, 1306–07 (11th Cir. 2002). The first step is "to determine whether state and federal law conflict with respect to the disputed issue before the district court. If no conflict exists, then the analysis need proceed no further, for the court can apply state and federal law harmoniously to the issue at hand." Id.

In this case, there is no conflict between Alabama and federal law regarding the validity of forum selection clauses. Under federal law, the analysis in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S. Ct. 1907 (1972), is instructive in deciding this issue. Where, as here, the forum selection clause requires filing in state court and a party seeks to enforce the clause by moving to dismiss, other circuits have evaluated the forum selection clause under Bremen. See Doe 1 v. AOL LLC, 552 F.3d 1077, 1082–84 (9th Cir. 2009); Ginter ex rel. Ballard, 536

6

F.3d at 441; Int'l Software Sys., Inc. v. Amplicon, Inc., 77 F.3d 112, 115 (5th Cir. 1996); Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1990); see also 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3803.1 (3d ed. 2009) (recognizing that a majority of the courts of appeal have analyzed the enforceability of a forum selection clause under the Bremen framework when the clause selects a state court forum).  The analysis is the same under Alabama law.  See Prof'l Ins. Corp. v. Sutherland, 700 So. 2d 347, 350 (Ala. 1997) (holding that forum selection clauses are not void per se as against the public policy of Alabama and finding "the Supreme Court's reasoning in M/S Bremen on [the issue of enforceability of forum selection clauses] to be persuasive").  Consequently, we can apply both federal and Alabama law harmoniously in deciding the validity of the forum selection clause in this case.

IV.

In conducting the Bremen analysis, we have said that "[f]orum selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances."  Krenkel v Kerzner Int'l Hotel Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009).  The Bremen factors provide that a forum selection clause is unenforceable when:  "(1) its formation was induced by fraud or overreaching; (2)

7

the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." Krenkel, 579 F.3d at 1281.

Within this framework, we consider the parties' arguments. Oasis argues that the plaintiffs did not make the required "strong showing" that enforcement of the forum selection clause would be unfair or unreasonable under the circumstances. Specifically, Oasis asserts that the plaintiffs failed to establish that any of the factors warranting non-enforcement of the clause applied in this case. We analyze each factor in turn.

In order for a forum selection clause to be invalidated on the basis of the first factor, fraud or overreaching, a plaintiff must specifically allege that the clause was included in the contract at issue because of fraud. See Lipcon, 148 F.3d at 1296 ("By requiring the plaintiff to specifically allege that the [forum selection] clause itself was included in the contract due to fraud . . . courts may ensure that more general claims of fraud will be litigated in the chosen forum, in accordance with the contractual expectations of the parties." (emphasis omitted)). The plaintiffs have never made this allegation here. For that reason, the first factor does not support non-enforcement of the forum selection clause.

As for the second factor, the plaintiffs maintain that it would be inconvenient or unfair to require this action to be brought in Illinois because they are Alabama residents. The fact that the plaintiffs reside in Alabama suggests that litigating this action in Illinois may be more difficult or costly. We have explained, however, that "[t]he financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." P&S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003). Moreover, any inconvenience the plaintiffs would suffer by being forced to litigate in Illinois was foreseeable at the time of contracting. In that circumstance, a plaintiff must show that litigating "in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." M/S Bremen, 407 U.S. at 17–18, 92 S. Ct. at 1917 (emphasis added); see also Phillips v. Audio Active Ltd., 494 F.3d 378, 393 (2d Cir. 2007) (enforcing clause requiring a U.S. citizen to litigate in England even though none of the plaintiff's witnesses, documents, or the parties to the action were located in England and noting that the added expense and difficulty was foreseeable). Because the plaintiffs have not made this showing, we conclude that the second factor does not render the forum selection clause unenforceable.

Under the third factor, a forum selection clause will not be enforced if "the

chosen law would deprive the plaintiff of a remedy." Krenkel, 579 F.3d at 1281.

The purchase agreements included a choice of law clause stating that all disputes arising out of the agreements would be governed by Alabama law, and neither side contests that Alabama law governs this action. Regardless of whether this action is litigated in a courthouse in Illinois or Alabama, the court will apply Alabama law to determine the enforceability of the purchase agreements. In other words, the remedy will be determined under the same set of rules no matter where this case is heard. For that reason, the third factor also does not warrant non-enforcement of the forum selection clause.

Finally, a forum selection clause is unenforceable under the fourth factor if "enforcement of the clause would contravene public policy." Id. at 1281. The plaintiffs argue that enforcing the forum selection clause would violate Alabama's public policy against enforcing contracts based on a gambling consideration. Indeed, plaintiffs point to precedent in which the Alabama Court of Civil Appeals invalidated a contract by which a litigant agreed to repay a loan by signing away a percentage of any proceeds she might later receive from a pending wrongful death action. Wilson v. Harris, 688 So. 2d 265, 269–70 (Ala. Civ. App. 1996). The Alabama Court of Civil Appeals found the contract in Wilson to be "closely akin to champerty," and held it void as a matter of public policy. Id. at 270. However,

10

plaintiffs argument again ignores the fact that the Illinois court hearing this case will apply Alabama law, and must therefore give proper deference to the Alabama precedent plaintiffs provide. Cf. Lipcon, 148 F.3d at 1298 (considering whether requiring the plaintiffs to litigate in England under English remedies would undermine the public policies expressed in the United States securities laws). Thus, enforcement of the forum selection clause has no impact on whether the purchase agreements themselves are unenforceable under Alabama law as illegal gambling contracts.

Finally, plaintiffs assert that the forum selection clause cannot be given effect because it is included within a contract that is void as a matter of law. Specifically, the plaintiffs maintain that the purchase agreements are void as illegal gambling contracts under Alabama law and because the forum selection clause is included within those agreements, it also is void. We do not agree. A forum selection clause is viewed as a separate contract that is severable from the agreement in which it is contained. Cf. Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14, 94 S. Ct. 2449, 2457 n.14 (1974) (explaining that a forum selection clause within a contract alleged to be the product of fraud is enforceable as long as the forum selection clause, itself, was not included in the contract because of fraud); see Muzumdar v. Wellness Intern. Network, Ltd., 438 F.3d 759, 762 (7th

11

Cir. 2006) (rejecting argument that a forum selection clause was void because it was included within a contract that was void and unenforceable as against public policy); Marra v. Papandreou, 216 F.3d 1119, 1123 (D.C. Cir. 2000) ("A forum-selection clause is understood not merely as a contract provision, but as a distinct contract . . .—that is, an agreement between the parties to settle disputes in a particular forum—that is separate from the obligations the parties owe to each other under the remainder of the contract.").

In sum, the plaintiffs have not made the required "strong showing" that enforcing the forum selection clause in the purchase agreements would be unfair or unreasonable under the circumstances. See Krenkel, 579 F.3d at 1281. For that reason, we conclude that the District Court erred in failing to give effect to the clause and grant Oasis's motion to dismiss for improper venue. We reverse and remand with instructions to dismiss this action without prejudice based on improper venue.

REVERSED AND REMANDED.