**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**August 31, 2012**

# In the Court of Appeals of Georgia

A12A1186. MARIETTA PROPERTIES, LLC v. CITY OF
    MARIETTA et al.

ADAMS, Judge.

Marietta Properties, LLC sued the City of Marietta (the "City") seeking a declaration that it had a vested right to build an approximately sixty-six foot tall, five-story building on its property, notwithstanding that a recently enacted ordinance limited the height of structures within portions of the City's historic district to forty-two feet. The trial court dismissed the action and Marietta Properties appeals. We agree with the trial court that Marietta Properties' claim is not ripe for judicial determination. Accordingly, we affirm.

The record shows that Marietta Properties owns real property (the "Property") in the historic district established by the Code of Marietta, Georgia. The Code

requires that within the historic district certain activities, including new construction of a principal building, must be authorized by a Certificate of Approval issued by the Marietta Historic Board of Review. The City Code was amended in 2000 to provide that no Certificate of Approval would be issued for buildings with a height exceeding 85 feet. Marietta Properties bought the Property in 2001.

On September 15, 2008, the Historic Board issued a Certificate of Approval allowing Marietta Properties to demolish the building then existing on the Property and to construct an approximately sixty-six foot tall, five-story building thereon. Pursuant to the City Code, a Certificate of Approval "must be implemented by commencement of substantial and ongoing construction within a period of 36 months from the date of approval and if substantial and ongoing construction is not so commenced, the certificate shall expire at the end of the 36-month period."[1]

---

[1] The City contends that the Certificate of Approval expired on September 15, 2011, during the pendency of this appeal, and, no court having tolled the certificate's expiration, Marietta Properties must now apply for a new Certificate of Approval subject to the 2011 Height Ordinance. It follows, the City argues, that this appeal is moot and must be dismissed. We disagree. First, this appellate court is not in a position to conclusively (and initially) determine whether Marietta Properties sufficiently "implemented" the Certificate of Approval for purposes of the City's Code so as to avoid its otherwise scheduled expiration. Second, "[i]f an appellant or cross-appellant will benefit by reversal of a case, his appeal is not moot." *Dean v. City of Jesup*, 249 Ga. App. 623, 624 (2) (549 SE2d 466) (2001). As discussed infra, we ultimately disagree with Marietta Properties' claims of error and affirm the trial

In November 2010, the City approved a permit application for the demolition of the then existing building. Marietta Properties paid approximately $40,000 to demolish the building and for attendant hazardous waste removal and other fees.

In March 2011, over Marietta Properties' stated opposition, the Marietta City Council approved an ordinance (the "2011 Height Ordinance") providing that, as to a specified area in the historic district, no structure or building which exceeds 42 feet in height "shall be allowed, permitted or receive a certificate of approval." The 2011 Height Ordinance further amended the City Code to provide that "[n]otwithstanding any other provision under this Code Section, all actions permitted shall be governed by the applicable construction codes and ancillary ordinances governing construction as of the date of the issuance of the permit." The Property lies within the area subject to the 2011 Height Ordinance.[2]

court's judgment. But Marietta Properties would have practically benefitted, we believe, from the reversal of the trial court's order, which includes the trial court's refusal to enjoin the possible expiration of the Certificate of Approval and its refusal to review, as unripe, Marietta Properties' contention that it retained a vested right to construct the five-story building. Accordingly, we deny the City's motion to dismiss the appeal.

[2] Before the 2011 Height Ordinance was approved, Marietta Properties filed an "updated application for a new Certificate of Approval" for construction of a five-story building. In its complaint, Marietta Properties also asked the trial court to declare that the "updated" application be considered by the Historic Board under the

In April 2011, the City's Public Works Director, Daniel Conn, along with another City official, presented the manager of Marietta Properties, Philip Goldstein, with a statement prepared by the City Attorney. The statement provided in part that: "[a]ny application for a building permit within the [district included in the 2011 Height Ordinance] will be reviewed by the [City] in accordance with [the 2011 Height Ordinance] and said Ordinance will apply to any such application or applications." Goldstein refused to sign the statement on behalf of Marietta Properties. According to Conn, who is responsible for overseeing receipt of building applications, it was not necessary for Goldstein to sign the statement in order for Marietta Properties to proceed with the application process. Rather, the City would accept an application by Marietta Properties to build a five-story building, and Conn was unsure whether the City would apply the old ordinance or the 2011 Height Ordinance to the review of that application.

On April 27, 2011, Marietta Properties filed the underlying lawsuit. According to the complaint, Marietta Properties has not obtained and, it is apparent, has not

law and ordinances in effect at the time of its filing. On May 16, 2011, and before the motions hearing, the Historic Board failed to approve the request for a new certificate. Perhaps because the issue had been mooted, the trial court did not specifically address Marietta Properties' request for a declaratory judgment as to the updated application, and no error is alleged on that account.

4

applied for and been denied, a building permit to construct a five-story building on the Property. The complaint sought a declaration that Marietta Properties had a vested right to construct an approximately 66 feet high building on the Property pursuant to the Certificate of Approval issued on September 15, 2008, and to enjoin, pending a final determination of the matter, the possible expiration of the Certificate of Approval.

In addition to the complaint, Marietta Properties filed a separate motion for interlocutory injunction, and the City filed a motion to dismiss and plea in abatement. Following a hearing, the trial court issued its order denying Marietta Properties' request for interlocutory injunction and granting the City's motion to dismiss the complaint.

1. Marietta Properties contends that the trial court erred in granting the City's motion to dismiss and plea in abatement because the court based its ruling on the merits of the action. We disagree.

The trial court found that Marietta Properties' claim for declaratory judgment was not ripe and, for that reason, granted the City's motion to dismiss and plea in abatement. As part of its analysis, the trial court also found that Marietta Properties' vested rights claim could not be raised for the first time in superior court. These

5

findings address the trial court's subject matter jurisdiction. See *Mayor of Savannah v. Savannah Cigarette & Amusement Svcs.*, 267 Ga. 173, 174 (476 SE2d 581) (1996) (the action was an attempt to circumvent the requirement to exhaust available administrative remedies and so was procedurally barred); *Effingham County Bd. of Commrs. v. Effingham County Indus. Dev. Auth.*, 286 Ga. App. 748, 749 (650 SE2d 274) (2007) (in absence of justiciable controversy, trial court lacked power to rule on declaratory judgment claim).

"Generally, when a motion to dismiss involves a factual issue as to a question of abatement, that is, lack of jurisdiction, improper venue, insufficiency of process, insufficiency of service of process or failure to join a party, the trial court is authorized under [OCGA § 9-11-12 (d)] to hear and determine these defenses before trial without a jury on application of any party." *Myers v. McLarty*, 150 Ga. App. 432, 433 (258 SE2d 56) (1979). In this case, the trial court held a motions hearing at which it heard evidence, and it then issued an order denying Marietta Properties' motion for an interlocutory injunction and granting the City's motion to dismiss and plea in abatement. To the extent the evidence presented at the motion hearing shed light on the trial court's jurisdiction, the trial court was entitled to consider it for that purpose. See *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 675 (1) (b) (570 SE2d 1) (2002)

6

(trial court may hear evidence to determine defense in abatement); *Hatcher v. Hatcher*, 229 Ga. 249, 250-251 (190 SE2d 533) (1972) (trial court could conduct hearing on jurisdictional issue before trial). The trial court's order shows, however, that it did not dismiss the case due to any finding on the underlying merits. Accordingly, we find no basis for reversal.

2. Marietta Properties contends that the trial court erred in finding that because Marietta Properties had not exhausted its administrative remedies its declaratory judgment claim was not ripe for adjudication. We disagree.

Marietta Properties sought a determination that in light of its expenditure of significant funds towards the construction of a five-story building, and pursuant to the Certificate of Approval issued in September 2008, it had a vested right to construct an approximately sixty-six feet high building on the Property. A vested right under a zoning ordinance, such as claimed here, is based upon the same constitutional principle "which precludes [its] retroactive application." (Footnote and punctuation omitted.) *Cooper v. Unified Govt. of Athens-Clarke County*, 277 Ga. 360, 361 (589 SE2d 105) (2003). The Supreme Court "has firmly adhered to the rule that constitutionally-based zoning claims . . . cannot be raised for the first time in the Superior Court, but must first be brought before the local zoning authority."

(Footnotes and punctuation omitted.) Id. Rather, the "long-standing procedure is to address these vested rights claims only after the local zoning authority has refused to issue the necessary permits for the proposed project, or has imposed unconstitutional restrictions on an existing project." (Footnote omitted.) Id.

Marietta Properties argues that this principle does not apply because "there are no administrative remedies from the newly enacted height ordinance," and because it need not exhaust its administrative remedies where "the defect urged by the complaining party goes to the jurisdiction or power of the involved agency." (Citation and punctuation omitted.) *City of Atlanta v. Hotels.com, L.P.*, 285 Ga. 231, 233 (674 SE2d 898) (2009). But Marietta Properties' inability to seek administrative remedies for the enactment of the 2011 Height Ordinance is not determinative. Marietta Properties' "constitutional rights are not being violated merely by the existence of a certain zoning classification. Those rights would only be violated if the [City] used the new zoning classification to deprive [Marietta Properties] of vested property rights." *Cooper*, 277 Ga. at 362. Nor did Marietta Properties seek a ruling on a threshold issue, such as the City's power to regulate development of the Property. Compare *Hotels.com*, 285 Ga. at 235 (declaratory judgment proper "to determine whether the administrative process is relevant (i.e., whether the hotel tax ordinance,

8

and its attendant administrative process, apply herein)") with *Northeast Ga. Cancer Care v. Blue Cross & Blue Shield of Ga.*, 297 Ga. App. 28, 32 (1) n. 6 (676 SE2d 428) (2009) (affirming dismissal of declaratory judgment action where clear statutory authority vested insurance commissioner with jurisdiction over question at issue).

Marietta Properties also contends that the City's actions "conclusively prove" that the City did not intend to honor the Certificate of Approval allowing the construction of a five-story building, and so an application for a building permit would be futile and, therefore, not a prerequisite to judicial review. See *Powell v. City of Snellville*, 266 Ga. 315, 316 (467 SE2d 540) (1996); *WMM Properties v. Cobb County*, 255 Ga. 436, 440 (3) (339 SE2d 252) (1986). But "[e]xhaustion of administrative remedies is futile only where further administrative review would result in a decision on the same issue by the same body. . . ." (Citation, punctuation, and emphasis omitted.) *Little v. City of Lawrenceville*, 272 Ga. 340, 342 (3) (528 SE2d 515) (2000). Here, Marietta Properties has never submitted an application for a permit to construct the building. Further, the Code of Marietta Zoning Ordinance directs the City's Planning and Zoning Director to review "any proposed use of land before any building permit is issued," and establishes a Board of Zoning Appeals to hear appeals from the decisions of the Planning and Zoning Director. It does not

appear any of these entities has previously made a decision which would render futile any requirement that Marietta Properties seek a permit to construct the building. See id. (under zoning ordinance, administrative proceedings would result in a decision by a body other than the City Council). It follows that because Marietta Properties has not applied for a building construction permit nor has the appropriate City authority denied it such a permit, the trial court correctly recognized that it would be premature for a superior court to determine whether Marietta Properties had acquired vested rights to build a five-story building on the Property. See *Cooper*, 277 Ga. at 362 ("It is impossible for this Court or the Superior Court to determine whether [appellant's] vested rights have been violated, since he has never applied for a permit, nor has the appropriate County authority ever denied him any such permit").

3. After filing its complaint, Marietta Properties moved the trial court for issuance of an interlocutory injunction to "toll the running of the time limits and extend the expiration date of the Certificate of Approval until such time as [its] rights are judicially determined." The trial court denied interlocutory relief because, it concluded, Marietta Properties would be unlikely to prevail on the merits. Marietta Properties assigns error to this ruling.

"It is axiomatic that the sole purpose of a temporary or interlocutory injunction is to maintain the status quo pending a final adjudication on the merits of the case." *Hampton Island Founders v. Liberty Capital*, 283 Ga. 289, 293 (1) (a) (658 SE2d 619) (2008). See OCGA § 9-4-3 (b) (allowing for interlocutory extraordinary relief in declaratory judgment actions "to maintain the status quo pending the adjudication of the questions or to preserve equitable rights"). Marietta Properties' case has been dismissed, and so an interlocutory injunction would not have been appropriate to maintain the status quo pending a ruling on the merits which would never occur. Accordingly, Marietta Properties' motion for interlocutory injunction was moot and the trial court did not err in its denial.

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur.*