**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**MCFADDEN and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 19, 2016**

# In the Court of Appeals of Georgia

A16A0813. EQUITY TRUST COMPANY v. JONES.

MCFADDEN, Judge.

This appeal is from the denial of a motion to dismiss for improper venue. Because the trial court's dismissal rests on an erroneous legal theory, we vacate the order and remand the case for further proceedings.

Ronald G. Jones, II filed a complaint against Eddie L. Long, New Birth Missionary Baptist Church, Inc., Ehpren Taylor, Jr., City Capital Corporation, Robert Batt, and Equity Trust Company, alleging that he had been fraudulently induced into moving $60,000 into sham investments. Equity Trust Company moved to dismiss the complaint for improper venue on the basis of forum selection clauses in two contracts between it and Jones. A custodial account agreement provided that "[a]ny suit filed against [Equity] shall only be instituted in the county courts of Lorain County, Ohio

where [Equity] maintains its principal office and you agree to submit to such jurisdiction both in connection with any such suit you may file and in connection with any suit which we may file against you." Similarly, a direction of investment form provided that "[a]ny suit filed against [Equity] arising out of or in connection with its role as custodian of the undersigned's Retirement Account shall only be instituted in the courts of Lorain County, Ohio; and the undersigned agrees to submit to such jurisdiction."

The trial court denied the motion to dismiss, reasoning that Jones had alleged sufficient facts in the complaint from which a jury could find that defendants Long and New Birth had a confidential relationship with Jones, that Long and New Birth unduly influenced Jones to sign the contracts, and that such undue influence was "sufficient to overcome the presumption that the forum selection clause[s] should be enforced[.]" The trial court issued a certificate of immediate review, and this appeal followed.

Georgia courts have

adopted the United States Supreme Court's ruling in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (92 SCt 1907, 32 LE2d 513) (1972), that forum selection clauses are prima facie valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances. To invalidate such a clause, the

2

opposing party must show that trial in the chosen forum will be so inconvenient that he will, for all practical purposes, be deprived of his day in court. A freely negotiated agreement should be upheld absent a compelling reason such as fraud, undue influence, or overweening bargaining power.

*Houseboat Store v. Chris-Craft Corp.*, 302 Ga. App. 795, 797 (1) (b) (692 SE2d 61) (2010) (citations and punctuation omitted). See also *Iero v. Mohawk Finishing Products*, 243 Ga. App. 670, 670-671 (534 SE2d 136) (2000).

Equity asserts that there is no evidence that the forum selection clauses were included in the contract as the result of fraud or undue influence on its part, and thus the clauses should be enforced. The parties have not cited any Georgia law on this particular issue and we have found none, but federal courts have addressed the issue. While we are not bound by federal case law, we find their reasoning on this issue persuasive and apply it to the instant case. See *Wegman v. Wegman*, ___ Ga. App. ___ (1) (Case No. A16A0771, decided September 21, 2016) (where no Georgia law on point, applying persuasive federal authority to resolve trial court ruling on motion to dismiss under doctrine of forum non conveniens). See also *Tolson v. Sistrunk*, 332 Ga. App. 324, 331 (1) n. 3 (772 SE2d 416) (2015) (decisions of federal courts are not binding authority on this court, but their reasoning may be persuasive).

The United States Supreme Court has explained that a "forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion. [Cit.]" *Scherk v. Alberto-Culver Co.*, 417 U. S. 506, 519 n. 14 (94 SCt. 2449, 41 LE2d 270) (1974) (emphasis in original). "A forum selection clause is viewed as a separate contract that is severable from the agreement in which it is contained." *Rucker v. Oasis Legal Finance*, 632 F3d 1231, 1238 (IV) (11th Cir. 2011) (citations omitted). "A forum-selection clause is understood not merely as a contract provision, but as a distinct contract . . . – that is, an agreement between the parties to settle disputes in a particular forum – that is separate from the obligations the parties owe to each other under the remainder of the contract." *Marra v. Papandreou*, 216 F3d 1119, 1123 (II) (A) (D.C. Cir. 2000) (citation and footnote omitted). Thus, "[i]n order for a forum selection clause to be invalidated on the basis of . . . fraud or overreaching, a plaintiff must specifically allege that the clause was included in the contract at issue because of [such] fraud [or overreaching]." *Rucker*, supra at 1236 (IV) (citation omitted). "Unless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause to agree to inclusion of that clause in a contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause."

4

*Preferred Capital v. Assocs. in Urology*, 453 F3d 718, 722 (III) (2) (6th Cir. 2006) (citations, punctuation and emphasis omitted). "By requiring the plaintiff specifically to allege that the choice clause itself was included in the contract due to fraud in order to succeed in a claim that the choice clause is unenforceable, courts may ensure that more general claims of fraud will be litigated *in the chosen forum*, in accordance with the contractual expectations of the parties." *Lipcon v. Underwriters at Lloyd's, London*, 148 F3d 1285, 1296 (III) (A) (11th Cir. 1998) (emphasis in original).

Here, the trial court made no findings as to whether Jones had sufficiently alleged or shown that Equity's fraud or overreaching had induced him into agreeing to inclusion of the forum selection clauses in the contracts. Rather, the trial court premised its denial of the motion to dismiss solely on findings that Jones' general allegations of fraud and undue influence by Long and New Birth were sufficient to invalidate the forum selection clauses included in the contracts between Jones and Equity. Such "mere allegation[s] of fraud in the complaint should not determine the enforceability of a forum selection clause." *Picken v. Minuteman Press Intl.*, 854 FSupp. 909, 911 (II) (N. D. Ga. 1993) (enforcing forum selection clause where the alleged fraud attacked only the underlying transaction as having been deceitful, but did not attack the language of the contract itself). Thus, the trial court's order was

based on a flawed legal theory that failed to determine the critical issue of whether the forum selection clauses were included in the contracts due to fraud or overreaching. Compare *Brinson v. Martin*, 220 Ga. App. 638, 640 (1) (b) (469 SE2d 537) (1996) (upholding dismissal of complaint for improper venue where "nothing in the record indicat[ed] that [employer] obtained [employee's] assent to the forum selection clause [in employment contract] by fraud or overreaching"). "Where it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm[, and instead may] vacate the trial court's order . . . and remand the case for [further] proceedings[.]" *Nelson v. Powell*, 293 Ga. App. 227, 228 (666 SE2d 598) (2008) (citations and punctuation omitted).

In so doing, we remind the trial court that improper venue is a matter in abatement. See OCGA § 9-11-12 (b) (3); *Hight v. Blankenship*, 199 Ga. App. 744, 745 (406 SE2d 241) (1991). See generally *Department of Transp. v. Dupree*, 256 Ga. App. 668, 671 (1) (570 SE2d 1) (2002) (matter in abatement is not an adjudication on the merits). "Generally, when a motion to dismiss involves a factual issue as to a question of abatement, that is, lack of jurisdiction, *improper venue*, insufficiency of process, insufficiency of service of process or failure to join a party, the trial court is authorized under OCGA § 9-11-12 (d) to hear and determine these defenses before

6

trial without a jury on application of any party." *Marietta Props. v. City of Marietta*, 319 Ga. App. 184, 186 (1) (732 SE2d 102) (2012) (citation omitted; emphasis supplied). See also *Parris v. Douthit*, 287 Ga. 119 (694 SE2d 655) (2010) ("Under OCGA § 9-11-12 (d), the trial court may hear and determine a defense in abatement such as improper venue prior to trial without submitting it to a jury, or may defer such hearing and determination until trial. [Cits]"). In considering a matter in abatement such as a motion to dismiss for improper venue under OCGA § 9-11-12 (b) (3),

> a trial court is not confined to the allegations of the complaint, as the court would be if considering a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6). [Rather, t]he trial court may hear the matter on affidavits presented by the respective parties, and may direct that the matter be heard wholly or partly on oral testimony or depositions, OCGA § 9-11-43 (b), and has broad discretion in conducting the preliminary hearing on the motion. Accordingly, [on a motion to dismiss for improper venue,] the trial court may receive evidence and make relevant factual findings to decide the threshold issue of [venue].

*James v. Dept. of Pub. Safety*, 337 Ga. App. 864, 867 (2) (789 SE2d 236) (2016) (citations and punctuation omitted). Indeed, "[a]ll parties may present evidence at an OCGA § 9-11-12 (d) hearing, and . . . [t]he trial court cannot refuse to hear evidence at the hearing, except to order the hearing and determination of the motion in abatement be deferred until trial." *Dept. of Transp. v. Dupree*, supra at 675 (1) (b)

7

(citations omitted). But whether the venue determination is made before trial or "deferred until trial, the determination remains one for the trial court, not the jury." *James*, supra at 868 (2) (citations omitted).

For the foregoing reasons, we hereby "vacate the trial court's order [denying the] motion to dismiss . . . and remand the case for consideration of the issues under the proper legal standards." *Cleveland v. Katz*, 311 Ga. App. 880, 884 (717 SE2d 500) (2011) (citations omitted), overruled in part on other grounds by *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314 (765 SE2d 413) (2014). See also *Classic Commercial Svcs. v. Baldwin*, 336 Ga. App. 183, 190 (3) (784 SE2d 44) (2016) (vacating order on motion to dismiss and remanding case with direction).

*Judgment vacated and case remanded with direction. Ellington, P. J., and Mercier, J., concur.*