**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**June 4, 2020**

# In the Court of Appeals of Georgia

A20A0679. ROW EQUIPMENT, INC. v. NORFOLK SOUTHERN RAILWAY COMPANY.

MCFADDEN, Chief Judge.

This appeal challenges a trial court order granting a motion to dismiss a claim for improper venue based on a forum selection clause in a contract. Because the appellant has not shown that the forum selection clause was included in the contract as the result of fraud or that the right to enforce it was waived, we affirm.

1. *Facts and procedural posture.*

Norfolk Southern Railway Company and ROW Equipment, Inc., entered into a service contract for ROW to cut trees along a segment of railroad in Georgia. Raymond Carnes, an owner of land adjacent to the railroad, filed suit in Bibb County, Georgia against Norfolk Southern and ROW, alleging damage to his property.

Norfolk Southern and ROW each answered the complaint and filed cross-claims against one another for indemnity or contribution for any liability to Carnes on his complaint.

After a settlement of Carnes' claims, the trial court entered a consent order dismissing his complaint, but stating that the cross-claims remained pending. Norfolk Southern then moved to dismiss ROW's cross-claim and later voluntarily dismissed its own cross-claim. The motion to dismiss ROW's cross-claim alleged improper venue based on a forum selection clause in the service contract between ROW and Norfolk Southern, which is set out in the margin.[1] It provided that disputes arising out of the contract shall be brought in Virginia. ROW subsequently amended its cross-claim to assert an additional claim that it had been fraudulently induced to enter into the service contract by misrepresentations about the scope of the work. After a

---

[1] Section 5.17 of the contract, entitled "Venue: Waiver of Jury Trial," provides: "Each of the parties (i) consents to submit itself to the personal jurisdiction of any state court located in the City of Norfolk, Virginia or the U. S. District Court for the Eastern District of Virginia (and appellate courts from any of the foregoing) (the 'Chosen Courts') in the event any dispute arises out of this Contract or the transactions contemplated by this Contract, (ii) agrees that it will not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from any Chosen Court and (iii) agrees that any action relating to this Contract or the transactions contemplated by this Contract shall be brought exclusively in the Chosen Courts. EACH PARTY HEREBY IRREVOCABLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY." (Emphasis in original).

2

hearing, the trial court granted Norfolk Southern's motion to dismiss ROW's cross-claim based on the forum selection clause. ROW appeals.

2. *Validity of forum selection clause.*

ROW claims that the forum selection clause is invalid because Norfolk Southern fraudulently induced ROW into assenting to it. The claim is without merit because there is no showing or allegation that it was included in the contract as a consequence of fraud.

"[F]orum selection clauses are prima facie valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances. . . . A freely negotiated agreement should be upheld absent a compelling reason such as fraud[.]" *Houseboat Store v. Chris-Craft Corp.*, 302 Ga. App. 795, 797 (1) (b) (692 SE2d 61) (2010) (citations and punctuation omitted).

> [A] forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion. A forum selection clause is viewed as a separate contract that is severable from the agreement in which it is contained. A forum-selection clause is understood not merely as a contract provision, but as a distinct contract — that is, an agreement between the parties to settle disputes in a particular forum — that is separate from the obligations the parties owe to each other under the remainder of the contract. Thus, in order for a forum selection clause to be invalidated on the basis of fraud or overreaching, a plaintiff must specifically allege that the clause was included in the contract at issue because of such

3

fraud or overreaching. Unless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause to agree to inclusion of that clause in a contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause.

*Equity Trust Co. v. Jones*, 339 Ga. App. 11, 12-13 (792 SE2d 458) (2016) (citations and punctuation omitted; emphasis in original).

Here, ROW has not specifically alleged, let alone shown, that the forum selection clause was included in the service contract because of fraud. Rather, as the trial court correctly found, ROW has only made general allegations of fraud as to the entire contract. Such general allegations do not determine the enforceability of the forum selection clause. *Equity Trust*, supra at 13. Since ROW has failed to show that it was fraudulently induced into assenting to the inclusion of the forum selection clause in the service contract, the trial court did not err in refusing to invalidate it. See *Brinson v. Martin*, 220 Ga. App. 638, 640 (1) (b) (469 SE2d 537) (1996) (upholding dismissal of complaint for improper venue where there was no showing that an employer had fraudulently obtained an employee's assent to include forum selection clause in an employment contract).

3. *Waiver.*

4

ROW contends that Norfolk Southern waived the defense of improper venue under the forum selection clause. We disagree.

"Because forum selection clauses involve procedural rights, we apply Georgia law even though the agreement also contains a provision dictating that it be governed by the laws of [another state]." *Pure Hospitality Solutions v. Canouse*, 347 Ga. App. 592, 600 (5) (820 SE2d 434) (2018) (citation omitted). Under Georgia law, "[i]t is well settled that personal jurisdiction and venue are generally defenses that may be waived if not raised at the proper time." *AIM DMC One, LLC v. Frank Gates Service Co.*, 325 Ga. App. 440, 443 (754 SE2d 82) (2013) (citation and punctuation omitted).

> It is required under the Civil Practice Act that a venue defense "be asserted in the responsive pleading [to a claim for relief], if one is required[,] . . . (or) by motion in writing." OCGA § 9-11-12 (b). Want of venue, however, may be waived expressly by failing to raise it in an answer or by written motion, or impliedly by failing to elicit a ruling from the trial court on the question of venue prior to the entry of judgment or the commencement of trial. A defense based on improper venue must be brought to the attention of the trial court at the earliest opportunity to plead. That is because a litigant who has been served in a case and has knowledge of all the facts may not sit idly by while a trial verdict is entered against him and then set the whole procedure aside on a venue defense which should have been raised prior thereto.

*Agri-Cycle LLC v. Couch*, 284 Ga. 90, 91 (1) (663 SE2d 175) (2008) (citations and punctuation omitted). See also *Republic Title Co. v. Andrews*, 347 Ga. App. 463, 467 (819 SE2d 889) (2018).

In the instant case, Norfolk Southern did not waive the defense of improper venue by failing to raise it in an answer to ROW's cross-claim because "[a] cross-claim . . . shall not require an answer, unless one is required by order of the court, and shall automatically stand denied." OCGA § 9-11-12 (a). Here, no court order required an answer, so the cross-claim stood automatically denied. Moreover, Norfolk Southern did not fail to elicit a ruling on the venue issue before entry of judgment on the cross-claim; rather, Norfolk Southern filed its motion to dismiss based on improper venue before any such judgment.

ROW cites *Euler-Siac S.P.A. v. Drama Marble Co.*, 274 Ga. App. 252 (617 SE2d 203) (2005), in support of its argument that Norfolk Southern waived the defense of venue by failing to raise it at the earliest opportunity. But *Euler-Siac* is materially different from the instant case. In that case, the defendant waived its defense of improper venue based on a forum selection clause in a contract "by failing to file an answer or [a] motion to dismiss and by allowing entry of [a] default judgment." Id. at 256 (1). As explained above, Norfolk Southern, unlike the

6

defendant in *Euler-Siac*, was not required to file an answer to the cross-claim and did in fact move to dismiss the cross-claim before entry of any judgment on it.

Norfolk Southern also was not required to raise the issue of venue as to the cross-claim in its answer to Carnes' complaint, as ROW suggests. Venue for Carnes' property damage claims was proper in the trial court and those claims were not subject to the forum selection clause agreed to by ROW and Norfolk Southern.

Under the circumstances of this case — where Carnes' separate claims were settled and his complaint dismissed, Norfolk Southern's cross-claim was voluntarily dismissed, and only ROW's cross-claim remained pending prior to the trial court's judgment — the trial court did not err in finding that Norfolk Southern had not waived the defense of venue based on the forum selection clause in the service contract. Compare *AIM DMC One*, supra at 443-444 (1) (defense of venue based on forum selection clause waived where defendant failed to raise the defense in its answers or counterclaims, successfully moved to consolidate all the cases and remove them from magistrate to superior court, proceeded to a trial which resulted in a mistrial, and then raised the defense for the first time in a motion to dismiss). Also see *Tennyo Maritime, Inc. of Liberia v. Norsk Hydro S.S. of Oslo*, 1995 U.S. Dist. LEXIS 4680, 1995 WL 155657 (E. D. La. 1995) (in finding no waiver of forum selection

clause, court noted that other courts have held that a party does not waive venue objection by filing a cross-claim, even when it is not voluntarily withdrawn).

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*